**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| AHMED JAMAL and REEM SUQI,<br>Plaintiffs,<br>v.<br>ALLY FINANCIAL, INC., *et al.*,<br>Defendants. | Case No. 2:24-cv-00894 (BRM) (JBC)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court are *pro se* Plaintiffs Ahmed Jamal ("Jamal") and Reem Suqi's (together, "Plaintiffs") objections (the "Objections") (ECF Nos. 69, 127) to the Hon. James B. Clark's, U.S.M.J., orders issued on October 1, 2025 (ECF No. 66), and April 22, 2026 (ECF No. 113). Defendants Del Automotive Inc. d/b/a Del Toyota ("Toyota"), James Lopez ("Lopez"), and Heather Karkoska ("Karkoska") (together, "Toyota Defendants") opposed both Objections. (ECF Nos. 70, 129.)

Having reviewed and considered the parties' submissions filed in connection with the Objections and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure ("Rule") 78(b), for the reasons set forth below and for good cause having been shown, Plaintiffs' Objections (ECF Nos. 69, 127) are **OVERRULED**.

## I. BACKGROUND

The factual background of this matter is well known to the parties and was previously detailed in the Court's Opinion issued on December 27, 2024. *Jamal v. Ally Fin., Inc.*, Civ. A. No.

24-894, 2024 WL 5232926, at *1–2 (D.N.J. Dec. 27, 2024). It is, however, necessary to summarize the long procedural history of this case.

This action arises from a disputed contract and alleged unauthorized loan pertaining to the lease of a vehicle. *Jamal*, 2024 WL 5232926, at *1. On May 2, 2024, the Toyota Defendants moved to dismiss Plaintiffs' Complaint pursuant to Rule 12(b)(6). (ECF No. 18.) As a result of the Court's December 27, 2024 Opinion and Order resolving Toyota Defendants' motion to dismiss, the following claims remain against Toyota Defendants: (1) Breach of Fiduciary Duty (Count VI); (2) Common Law Fraud (Count IX); (3) Unconscionable Practices in Violation of the CFA (Count X); and (4) Vicarious Liability of Toyota (Count XIV). *Jamal*, 2024 WL 5232926, at *10 (declining to dismiss these claims because the Toyota Defendants "fail[ed] to address these claims" and, consequently, "waived their arguments as to these" claims).

On March 4, 2025, Plaintiffs filed a motion for sanctions against William E. Schaefer ("Schaefer"), counsel for Toyota Defendants.[1] (ECF No. 47.) Toyota Defendants opposed that motion on March 24, 2025. (ECF No. 48.)

On June 13, 2025, Toyota Defendants filed a letter advising Judge Clark of various discovery disputes, namely Plaintiffs' refusal to allow an inspection of the vehicle that is the subject of the lease ("subject vehicle"). (ECF No. 50.) Plaintiffs set forth the basis for their objections to Toyota Defendants' discovery requests on June 27, 2025. (ECF No. 53.)

On August 21, 2025, Toyota Defendants filed a motion to compel Plaintiffs to answer their interrogatories, produce documents, and to allow the inspection of the subject vehicle (ECF No. 60.) Plaintiffs, on September 2, 2025, opposed the motion to compel and cross moved for a

[1] The motion is captioned fully as a motion for sanctions and order to show cause. (ECF No. 47.) But the Court construes it as a motion for sanctions. *See infra* Section III.A.2.

protective order, asking the Court to hold the motion in abeyance pending the resolution of Plaintiffs' then-pending motion for sanctions. (ECF No. 61.)

On October 1, 2025, Judge Clark issued an Order denying Plaintiffs' motion for sanctions and terminating the parties' discovery motions. (ECF No. 66.) Judge Clark directed the parties to serve responses to all extent written discovery requests by October 20, 2025, to engage in a good faith meet and confer, to attempt to resolve any outstanding disputes, and to the extent disputes remain. (*Id.* at 2.) Judge Clark also instructed the parties to submit a joint letter setting forth all areas of dispute along with the parties' respective positions by November 21, 2025. (*Id.*)

The Toyota Defendants filed a letter on October 14, 2025, informing Judge Clark that they had met and conferred with Plaintiffs but that Plaintiffs "refus[e] to make the [subject vehicle] available for inspection absent a court order." (ECF No. 67.) On October 15, 2025, Judge Clark "f[ou]nd the condition of the vehicle at issue to be within the proper scope of discovery in this matter pursuant to [Rule] 26(b)(1)" and ordered Plaintiffs to "make the vehicle available for inspection by [Toyota] Defendants on October 28, 2025." (ECF No. 68.) That same day, Plaintiffs filed a motion for expedited review of the October 1, 2025 Order. (ECF No. 69.) Toyota Defendants opposed that motion on October 22, 2025.[2] (ECF No. 70.)

On October 24, 2025, Plaintiffs filed two motions: a motion to vacate or stay the enforcement of the October 15, 2025 Order (ECF No. 71), which the Toyota Defendants opposed (ECF No. 74), and a motion for leave to amend the complaint (ECF No. 72), which the Toyota Defendants also opposed (ECF No. 73). To address these two motions, Judge Clark ordered the parties to appear for an in person hearing set for November 19, 2025, and stayed Toyota

[2] On November 10, 2025, Plaintiffs responded to Toyota Defendant's brief in opposition to Plaintiffs' motion for an expedited review of the October 1, 2025 Order. (ECF No. 79.)

Defendants' inspection of Plaintiffs' vehicle pending the hearing. (ECF No. 75.) Plaintiffs requested to appear remotely for that hearing, or in the alternative, sought an adjournment to December 2, 2025. (ECF No. 76.) On November 10, 2025, Judge Clark granted Plaintiffs' request to adjourn the hearing to December 2, 2025. (ECF No. 77.) "[T]o assist [Judge Clark's] evaluati[on] [of] the record as it relates to the issues scheduled to be addressed at the December 2[,] [2026] hearing" (ECF No. 81), Plaintiffs submitted the following documents: (1) "Plaintiffs' Conflict Notice and Second Conflict Notice," (2) "Defendants' subpoena to New Jersey Motor Vehicle Commission," (3) "Defendants' records showing registration [was] not completed until June 22, 2021," (4) "Defendants' internal records showing retention of title, plates, and registration," and (5) "[s]ome of Defendants' October 27 overnight emails . . . to Plaintiffs" (ECF No. 81-1 at 1–24).

On November 18, 2025, Plaintiffs inquired as to the logistics of the hearing, which had been adjourned at Plaintiffs' request. (ECF No. 82.) Two days later, Plaintiffs cited "personal exigent circumstances" and asked for a 60-day stay of all proceedings. (ECF No. 83.)

Pursuant to the October 1, 2025 Order, Toyota Defendants filed a joint letter with Defendant Ally Financial, Inc. ("Defendant AFI") (together, "Defendants") laying out both of their respective discovery disputes. (ECF No. 8 at 1–3.) In that joint letter, Defendants also informed Judge Clark that despite Plaintiffs' agreement to prepare and file a joint letter setting forth all areas of dispute called for in section 2(b) of the October 1, 2025 Order, Plaintiffs had failed to provide a "full draft letter and have not responded to inquiries regarding its status or even whether they [were] able to provide the same" in light of the circumstances raised in the Plaintiffs' letter seeking a 60-day stay of all proceedings. (*Id.* at 1 (citing ECF No. 83).) Defendants also jointly objected to Plaintiffs' last-minute request of said stay and sought dismissal for lack of prosecution and

discovery non-compliance. (*Id.* at 3.)

On November 24, 2025, Judge Clark ordered Plaintiffs to file a motion requesting a stay of this matter with a detailed explanation as to the reason such a stay is required by December 8, 2025, and adjourned the in-person hearing scheduled for December 2 to December 22, 2025. (ECF No. 85.) Plaintiffs filed that motion on December 8, 2025. (ECF No. 86.) In that motion, citing medical privacy concerns, Plaintiffs did not "disclose medical details" and merely submitted that on November 19–20, 2025, Jamal "experienced a sudden and serious health-related event, near fatal in nature, that required immediate attention and resulted in temporary functional impairment." (ECF No. 86-1 ¶¶ 3–4.)

Upon review of Plaintiffs' motion to stay, on December 17, 2025, Judge Clark issued an Order ordering Plaintiffs to submit an *ex parte* declaration, with supporting documentation, setting forth the circumstances of the purported health event and how these circumstances prevent Plaintiffs from prosecuting their claims in this matter by December 22, 2025. (ECF No. 87.) Judge Clark also administratively terminated Plaintiffs' motion for expedited review of the October 1, 2025 Order, the motion to vacate or stay the enforcement of the October 15, 2025 Order, and the motion for leave to amend the complaint, and adjourned the hearing scheduled for December 22, 2025, to January 21, 2026. (*Id.*)

Plaintiffs, however, failed to submit the *ex parte* declaration by December 22, 2025. (*See* ECF No. 88.) In response, on January 15, 2026, Judge Clark ordered Plaintiffs to submit the *ex parte* declaration by January 20, 2026. (*Id.*) Judge Clark cautioned that Plaintiffs' failure to do so would result in the issuance of an order to show cause requiring Plaintiffs to demonstrate why this matter should not be recommended for dismissal based upon the failure to prosecute their claims. (*Id.*) Additionally, Judge Clark adjourned the scheduled hearing to February 25, 2026. (*Id.*)

Plaintiffs again failed to submit the *ex parte* declaration within the time provided. (*See* ECF No. 89.) On February 2, 2026, Judge Clark adjourned the scheduled hearing and ordered Plaintiffs to appear in person for a hearing on March 24, 2026. (ECF No. 89.) In preparation, Judge Clark also ordered Plaintiffs to "submit a written statement outlining why their claims should not be dismissed" no later than February 13, 2026. (ECF No. 89.) Judge Clarke warned Plaintiffs if they failed to appear at the show cause hearing, he would "recommend dismissal of Plaintiffs' claims without further notice." (*Id.*)

On February 27, 2026, Plaintiffs filed a response to the February 2, 2026 Order to Show Cause and moved for an extension of time to comply pursuant to Rule 6(b)(1)(B). (ECF Nos. 91, 92.) Defendants opposed.[3] (ECF Nos. 94, 95.)

On March 18, 2026, Defendant AFI sought a brief adjournment of the Order to Show Cause hearing (ECF No. 96), which Judge Clark granted on March 20, 2026, adjourning the hearing to April 1, 2026 (ECF No. 97). On March 26, 2026, in response to Plaintiffs' request for clarification regarding the status of the Order to Show Cause hearing (ECF No. 98), Judge Clark reaffirmed his previous order requiring Plaintiffs to appear in person at the April 1, 2026 Order to Show Cause hearing (ECF No. 99).

Plaintiffs then filed two letters (ECF Nos. 100, 103), which the Court, on March 31, 2026, "construe[d] as an appeal of [the March 26, 2026] Order requiring Plaintiffs to appear in person for a show cause hearing" (ECF No. 104). On March 31, 2026, the Court denied Plaintiffs' requests and ordered them to appear in person for the Order to Show Cause hearing as scheduled. (*Id.*) The Court also denied the additional requests for relief, "[t]o the extent Plaintiffs . . . [were] [seeking]

[3] Plaintiffs filed a reply in further support of their response to the February 2, 2026 Order to Show Cause and motion for an extension of time on March 30, 2026. (ECF No. 101.)

additional relief (such as adjudication of their motion to stay and discovery disputes, various challenges to Judge Clark's orders, and reassignment to another magistrate judge)," the Court also dismissed those requests. (*Id.*)

Later in the day, Plaintiffs filed an "Emergency Letter Response Regarding [the] April 1, 2026 Hearing." (ECF No. 105.) The Court noted the contents of the letter and explained, "To the extent Plaintiff[s] request[] guidance on how to proceed, the Court defers to Judge Clark." (ECF No. 106.)

On April 1, 2026, Judge Clark adjourned the Order to Show Cause hearing, ordered Plaintiffs to disclose the current location of the subject vehicle and to arrange for Defendants to complete an inspection of that vehicle by no later than May 1, 2026. (ECF No. 107 at 1.) Judge Clark also terminated as moot Plaintiffs' motion for a 60-day extension of all deadlines and proceedings, and granted Plaintiffs' motion for an extension of time to respond to his Order to Show Cause, accepting Plaintiffs' written response as timely filed. (*Id.* (citing ECF No. 92).)

On April 8, 2026, Plaintiffs' filed a letter for a protective order regarding various materials that supposedly contain "highly sensitive medical, disability-related, and [Americans with Disabilities Act] litigation materials." (ECF No. 108.) On April 14, 2026, Plaintiffs followed-up on their request and posited the "request is not amendable to [a] meet and confer and requires prompt judicial intervention." (ECF No. 109.) On April 15, 2026, Toyota Defendants wrote to Judge Clark, lodging their disagreement that they subpoenaed a third-party without notice to obtain potentially sensitive materials but nonetheless agreeing to a "Stipulated Protective Order." (ECF No. 110.) That same day, Plaintiffs replied to Toyota Defendants and argued the "propose[d][,] stipulated protective order" would fail to address the relief sought. (ECF No. 111.)

On April 16, 2026, Plaintiffs sought leave to file a motion to compel "Defendants'

compliance with their obligations under [Rules] 26, 24, and 37 with respect to the Court ordered vehicle inspection," and for a stay of the May 1, 2026 inspection deadline pending the resolution of that motion to compel. (ECF No. 112.)

On April 22, 2026, Judge Clark adopted the so-called stipulated protective order. (ECF No. 114.) That same day, Judge Clark denied both Plaintiffs' motion to compel and their request for a stay. (ECF No. 113 (explaining "Plaintiffs[] have failed to set forth any valid argument which would cause the Court to reconsider or modify its previous Orders regarding the subject vehicle inspection").)

On April 28, 2026, Plaintiffs sought a restoration of the motion for expedited review of the October 1, 2025 Order, motion to vacate or stay the enforcement of the October 15, 2025 Order, and motion for leave to amend the complaint in light of Judge Clark's termination of Plaintiffs' motion to stay proceedings based on health reasons.[4] (ECF No. 116.) Plaintiffs also contend the stay of the October 15, 2025 Order remains in place because Plaintiffs' motion to vacate or stay enforcement of that order remains unadjudicated. (*Id.*; *see also* ECF No. 119.) On May 1, 2025, "[i]n response to Plaintiffs' . . . letter claiming confusion as to the impact of the . . . April 22, 2026 [Order]," Toyota Defendants filed a letter disputing the reasonableness of Plaintiffs' confusion and explaining Plaintiffs could have readily provided access to the subject vehicle. (ECF No. 120.) That same day, in response to Plaintiffs' April 28, 2026 request for restoration of various motions, Toyota Defendants filed a separate letter essentially arguing there was nothing for Judge Clark to restore. (ECF No. 122.)

---

[4] Judge Clark had administratively terminated these motions pending disposition of Plaintiffs' motion to stay. (ECF No. 87.)

On April 30, 2026,[5] Toyota Defendants requested permission to proceed with a motion for sanctions against Plaintiffs, or in the alternative, an in-person hearing to address Plaintiffs' purported non-compliance. (ECF Nos. 115, 117.) On May 1, 2026, Plaintiffs responded to Toyota Defendants' request and agreed a conference would be appropriate. (ECF No. 123.)

On May 4, 2026, Judge Clark reinstated Plaintiffs' appeal of the October 1, 2025 Order, stayed discovery pending the resolution of Plaintiffs' appeal, terminated Toyota Defendants request for permission to proceed with a motion for sanctions against Plaintiffs and Plaintiffs' motion to vacate the vehicle inspection order, and rescheduled a telephone conference scheduled for May 14 to August 27, 2026.[6] (ECF No. 124.) Also on May 4, 2026, Plaintiffs filed a letter seeking an emergency protective order regarding Plaintiffs' medical and ADA-related materials. (ECF No. 125.) In the letter, Plaintiffs argue Toyota Defendants' April 15, 2026 submission was misrepresented by Schaefer as a stipulated order. (*Id.*)

Initially, Toyota Defendants opted not to reply to Plaintiffs' May 4, 2026 letter, citing the May 4, 2026 Order, which terminated various pending motions and stayed discovery pending the resolution of Plaintiffs' appeal. (ECF No. 126.) However, on May 6, 2026, Plaintiffs filed an objection to the April 22, 2026 Order. (ECF No. 127.) Toyota Defendants opposed the objection on May 27, 2026. (ECF No. 129.) Plaintiffs replied to Toyota Defendants' opposition on June 3, 2026. (ECF No. 130.)

---

[5] Also on April 30, 2026, Plaintiffs filed a motion to vacate Judge Clark's vehicle inspection order. (ECF No. 121.)

[6] The May 4, 2026 Order also terminates Plaintiffs' request for an order compelling Defendant AFI to serve full and complete responses to Plaintiffs' interrogatories, and deeming any objections waived, where those interrogatories were served on April 30, 2025 and remain wholly unanswered. (ECF 124 (citing ECF No. 118).)

## II. Legal Standard

"A United States Magistrate Judge may 'hear and determine any [non-dispositive] pretrial matter pending before the court.'" *Cardona v. General Motors Corp.*, 942 F. Supp. 968, 971 (D.N.J. 1996) (quoting 28 U.S.C. § 636(b)(1)(A)); *see also* Fed. R. Civ. P. 72(a). District court judges exercise appellate review over the orders of magistrate judges pursuant to 28 U.S.C. § 636(b)(1)(A), Rule 72(a), and Local Civil Rule 72.1(c). "On appeal from such an order, the scope of [the] [district] [c]ourt[] [judge's] review is narrow." *Allen v. Banner Life Ins. Co.*, 340 F.R.D. 232, 236 (D.N.J. 2022). Matters referred to a magistrate judge pursuant to 28 U.S.C. § 636(b) are subject to two standards of review: (1) a clearly erroneous or contrary to law standard for non-dispositive matters, and (2) a *de novo* standard for dispositive matters. *NLRB v. Frazier*, 966 F.2d 812, 816 (3d Cir. 1992).

A ruling is clearly erroneous where, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). "A ruling is 'contrary to law' when the magistrate judge has misinterpreted or misapplied the applicable law." *Romero v. Ahsan*, Civ. A. No. 13-7695, 2015 WL 5455838, at *3 (D.N.J. Sept. 16, 2015) (citing *Pharm. Sales & Consulting Corp. v. J.W.S. Delavau Co.*, 106 F. Supp. 2d 761, 764 (D.N.J. 2000)).

An order regarding a discovery issue is considered a non-dispositive matter and is reviewed for abuse of discretion. *Virginia St. Fidelco, L.L.C. v. Orbis Prod. Corp.*, Civ. A. No. 11-2057, 2018 WL 1399304, at *2 (D.N.J. 2018); *see also Anjelino v. New York Times Co.*, 200 F.3d 73, 88 (3d Cir. 1999) (noting the standard when reviewing a district judge's affirmance of a magistrate judge's decision denying discovery is for abuse of discretion); *Howze v. Jones & Laughlin Steel*

*Corp.*, 750 F.2d 1208, 1213 (3d Cir. 1984) ("[Q]uestions concerning the scope of discovery are among those matters which should be almost exclusively committed to the sound discretion of the district court."). "An abuse of discretion is a clear error of judgment, and not simply a different result which can arguably be obtained when applying the law to the facts of the case." *Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 212, 240 (3d Cir. 2007) (quoting *SEC v. Infinity Group Co.*, 212 F.3d 180, 195 (3d Cir. 2000)).

## III. DECISION

### A. October 1, 2025 Order

Plaintiffs object to the October 1, 2025 Order denying Plaintiffs' motion for sanctions against Schaefer and terminating the parties' discovery motions.[7] (ECF No. 69.) First, Plaintiffs argue Judge Clark erred by applying Rule 11's requirements to Plaintiffs' motion for sanctions because Plaintiffs were requesting sanctions pursuant to the Court's inherent authority. (*Id.* at 5.) Second, Plaintiffs contend Judge Clark failed to rule on Plaintiffs' request for an order to show cause. (*Id.* at 6.) Third, Plaintiffs contend Judge Clark contradicted the October 1, 2025 Order with the October 15, 2025 Order. (*Id.*) Fourth, Plaintiffs claim Judge Clark erred by terminating Plaintiffs' letter regarding Defendants' failure to respond to Plaintiffs' Conflict Notices and Cross Motion for a Protective Order. (*Id.* at 7.)

The Toyota Defendants ask the Court to overrule Plaintiffs' objections.[8] (ECF No. 70 at 4.) With respect to Plaintiffs' objections to Judge Clark's decision not to sanction Schaefer, Toyota

---

[7] Plaintiffs' arguments in response to Toyota Defendants' arguments asking the Court to overrule Plaintiffs' objections are not materially different from the arguments raised in their initial objections to the October 1, 2025 Order. (ECF No. 79.)

[8] Toyota Defendants' opposition to Plaintiffs' objection to the October 15, 2025 Order is styled as an "Answer," meaning Toyota Defendants simply admit and deny various allegations put forth in the Objection. (ECF No. 70).

Defendants directs the Court to Toyota Defendants' "Response in Opposition to Plaintiffs' Motion for Sanctions." (*Id.* at 2–3 (citing ECF No. 48).) There, in addition to arguing that many of Plaintiffs' allegations were conclusions of law, Toyota Defendants also largely denied the myriad allegations of misconduct Plaintiffs lodged against Schaefer. (ECF No. 48 at 1–8.) As to Plaintiffs' issues with the October 15, 2025 Order requiring Plaintiffs to make the subject vehicle available for inspection, Toyota Defendants layout the discovery disputes leading up to their request for the October 15, 2025 Order. (ECF No. 70 at 3–4.) Finally, Toyota Defendants argue that under the applicable standard of review, the Court should not disturb the October 1, 2025 Order. (*Id.* at 2.)

**1. Judge Clark Did Not Err by Declining to Issue Sanctions on Procedural Grounds.**

Plaintiffs argue that Judge Clark erred by applying Rule 11's requirements to Plaintiffs' motion for sanctions because Plaintiffs were supposedly requesting sanctions pursuant to the Court's inherent authority, not Rule 11. (ECF No. 69-1 at 5.) Here, as Judge Clark concluded, some of the supposedly sanctionable conduct does fall under Rule 11's ambit; however, other such conduct does not. Regardless, the Court ultimately agrees with Judge Clark's decision not to impose sanctions on Schaefer.

The Third Circuit has stated "[g]enerally, a court's inherent power should be reserved for those cases in which the conduct of a party or an attorney is egregious *and no other basis for sanctions exists*." *Martin v. Brown*, 63 F.3d 1252, 1265 (3d Cir. 1995) (emphasis added). Plaintiffs accuse Schaefer of making several misrepresentations to the Court. (ECF No. 47-1 ¶¶ 45–50.) Those clearly full under Rule 11(b), which covers "Representations to the Court." Fed. R. Civ. P. 11(b). Similarly, Plaintiffs' accusations regarding the supposed evasiveness of Defendants' Answer also falls under Rule 11 (b). *Id.* Therefore, as to those accusations, Judge Clark was correct that pursuant to Rule 11, Plaintiffs were required but failed to present their sanctions motion

"separately from their other . . . requests" and wait twenty-one days after serving the motion before filing it. (ECF No. 66 at 1–2 (citing Fed. R. Civ. P. 11(c)(2)).)

However, Plaintiffs' accusations regarding repeated Rule 26 violations and improper subpoenas fall beyond Rule 11's scope. Still, Judge Clark did not err in declining to sanction Schaefer based on his assessment that Plaintiffs failed to "set forth sufficient evidence or arguments in support" of sanctions. (ECF No. 66 at 2 n.1.)

Invoking Rule 26's requirement that counsel meet and confer at least fourteen days prior to the scheduled Initial Conference, Plaintiffs argue Schaefer violated that Rule because Plaintiffs repeatedly waited until approximately two days before the conference to send a response regarding the joint discovery plan. (ECF No. 47-1 ¶¶ 19–22, 29.) However, as Plaintiffs acknowledge, the Initial Conference was postponed to December 12, 2024 (ECF No. 39), further postponed to February 6, 2025, and ultimately rescheduled to March 24, 2025 (ECF No. 46).

Additionally, Plaintiffs allege Toyota's initial disclosures failed to conform to Rule 26(a) because they "exclude[d] the required details of the witnesses they list." (*Id.* ¶ 30.) Plaintiffs further allege Toyota prematurely commenced discovery in a manner that fails to comport with Rule 45(a)(4)'s notice requirement, which Plaintiffs contend is evidence of bad faith and an effort to hinder. (*Id.* ¶¶ 31–37.)

As discussed, Judge Clark, in addressing the merits of Plaintiffs' request for sanctions, explained "Plaintiffs' motion does not set forth sufficient evidence or arguments in support of the relief sought." (ECF No. 66 at 2 n.1.) The Court agrees. A "finding of bad faith is 'usually' required" before inherent-power sanctions are ordered, and generally a court should not resort to such sanctions unless "the conduct of a party or an attorney is egregious and no other basis for sanctions exists." *In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 278 F.3d 175,

181 n.4, 189 (3d Cir. 2002) (quoting *Martin v. Brown*, 63 F.3d 1252, 1265 (3d Cir. 1995)). What Plaintiffs point to as evidence of bad faith is more so evidence of bad judgment. Given a "court should invoke its inherent power sparingly and under limited circumstances where misconduct is clear," the Court will not second guess Judge Clark's decision not to sanction Schaefer. *Fonti v. Health Pros. & Allied Emps., AFT/AFL-CIO*, Civ. A. No. 13-4231, 2018 WL 6787482 (D.N.J. Dec. 26, 2018).

While Plaintiffs contend Judge Clark erred in concluding there was "No Evidence" of misconduct (ECF No. 69-1 at 6), that contention misstates Judge Clark's October 1, 2025 Order (ECF No. 66 at 2 n.1). Judge Clark concluded that Plaintiffs failed to set forth "sufficient" evidence of misconduct.[9] (*Id.*) Plaintiffs argue the waiver of service is an example of misconduct Judge Clark overlooked. (ECF No. 69-1 at 6.) That argument fails. While the waiver of service is signed by Schaefer, he does not purport to be Plaintiffs' counsel. (ECF No. 4 at 1.) Indeed, the same day he filed the waiver of service form, he entered his appearance as the attorney for Toyota Defendants. (ECF No. 5.) Accordingly, Plaintiffs have failed to show that Judge Clark erred in declining to issue sanctions.

**2. Judge Clark Did Not Fail to Rule on a Request for an Order to Show Cause.**

Judge Clark's alleged omission on the supposed request for an order to show cause was not error, let alone an abuse of discretion. In *Turner v. Evers*, the Third Circuit explained that a court's proper focus is on the function of a motion, not its caption. 726 F.2d 112, 114 (3d Cir. 1984). Here, Plaintiffs may have included "show cause" language in the motion's caption and its introduction,

---

[9] If the Court shared Plaintiffs' impulse for requiring sanctions for any and all errors in judgment, the question might well become whether the Court should now impose Rule 11 sanctions for Plaintiffs' misrepresentation to the Court. Fed. R. Civ. P. 11(b).

but the motion focuses on Plaintiffs' request for sanctions against Schaefer—not some request for Judge Clark to order Toyota Defendants or Schaefer to justify or explain some action or conduct. (ECF No. 47-1 at 1–16.) To the extent Plaintiffs now ask the Court to interpret Plaintiffs' motion for sanctions to include a request for the Court to order Toyota Defendants or Schaefer to explain why the Court should not impose sanctions, as discussed, the Court agrees with Judge Clark's decision not to impose sanctions because Plaintiffs failed to comport with Rule 11's procedural requirements and Plaintiffs did not put forth sufficient evidence of bad faith to justify imposing sanctions pursuant to the Court's inherent powers.

**3. Judge Clark's Modification of the October 1, 2025 Order Was Not Error.**[10]

Having observed that the parties were both failing to cooperate in discovery and failing to fulfill their obligations to meet and confer prior to raising any disputes to the Court, in the October 1, 2025 Order, Judge Clark ordered the parties to first "serve responses to all extant written discovery requests" and "set forth with specificity" "[a]ny objections to written discovery requests." (ECF No. 66 at 2.) Only then were the parties to "engage in a good faith meet and confer . . . [to] attempt to resolve any outstanding disputes." (*Id.*) Judge Clark also made clear that should "extent disputes remain, the parties . . . [were] [to] submit a **joint letter of ten (10) pages or less** setting forth all areas of dispute along with the parties' respective positions by **November 21, 2025**." (*Id.* (emphasis in original).)

Notwithstanding the October 1, 2025 Order, after a "'meet and confer' call to discuss outstanding discovery issues," Toyota Defendants submitted a letter to Judge Clark asserting that "Plaintiffs refuse to make the [subject vehicle] available for inspection absent a court order." (ECF

[10] Plaintiffs are functionally objecting to the October 15, 2025 Order, not the October 1, 2025 Order.

No. 67.) On October 15, 2025, Judge Clark found "the condition of the vehicle at issue to be within the proper scope of discovery in this matter pursuant to [Rule] 26(b)(1)" and ordered Plaintiffs to "make the vehicle available for inspection . . . on October 28, 2025." (ECF No. 68.)

According to Plaintiffs, the October 15, 2025 Order "undermined the purpose of the [October 1, 2025 Order's] joint-letter requirement and violated basic principles of procedural fairness." (ECF No. 69-1 at 6.) Plaintiffs also intimate that an inspection of the subject vehicle would be otherwise irrelevant. (*Id.*)

Simply stated, Plaintiffs disagree with Judge Clark's handling of a discovery matter. That is not a sound reason to object to the October 15, 2025 Order. Magistrate judges have particularly broad discretion in resolving discovery disputes. *See* Fed. R. Civ. P. 72(a); *see also Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc.*, 174 F.R.D. 572, 585 (D.N.J. 1997). Here, while citing no law, Plaintiffs contest Judge Clark's authority to modify his own order. (ECF No. 69-1 at 6.) "[F]or reasons of judicial economy, it makes no sense from a policy perspective to bar magistrate judges from reconsidering orders." *In re CV Therapeutics, Inc. Sec. Litig.*, Civ. A. No. 03-3709, 2006 WL 2585038, at *1 (N.D. Cal. Aug. 30, 2006). Moreover, neither the Rules, nor this Court's Local Rules prohibit magistrate judges from modifying their own orders. Accordingly, the Court sees no error in Judge Clark's decision to, in essence, modify his earlier order by specifically ordering Plaintiffs to make the subject vehicle available for inspection.

To the extent Plaintiffs contend Judge Clark erred by failing to find the inspection unduly burdensome and unnecessary, the Court disagrees. To argue that the inspection is overly burdensome, Plaintiffs merely say "Defendants' own records show they and [Defendant AFI] hold the New Jersey license-plates, title and registration, rendering an inspection unnecessary and burdensome, particularly given no evidence to the contrary and Plaintiffs' location abroad with a

minor in school." (ECF No. 69-1 at 7.) That argument is not enough. *P.V. ex rel. Valentin v. Sch. Dist. of Phila.*, Civ A. No. 11-4027, 2012 WL 676993, at *2 n.2 (E.D. Pa. Mar. 1, 2012) (refusing to entertain conclusory objections that certain discovery requests were "overbroad and unduly burdensome" without "affidavits or [other] evidence which reveals the nature of the burden"). Here, as in *P.V. ex rel. Valentin*, Plaintiffs presented neither an affidavit nor other "evidence which reveals the nature of the burden." *Id.* Moreover, while Plaintiffs may indeed be located abroad with a minor in school, Plaintiffs fail to explain how that poses any kind of burden or obstacle given Toyota Defendants' explicit offer to "transport the vehicle to and from the inspection if necessary." (ECF No. 68 at 1.)

Additionally, while Plaintiffs dispute Judge Clark's determination that the "condition of the vehicle" is within the proper scope of discovery (ECF No. 68), Plaintiffs do not articulate a reason why said condition is somehow beyond the scope of discovery as laid out in Rule 26(b)(1) (ECF No. 69-1 at 7).[11] Instead, Plaintiffs simply insinuate the inspection is not relevant to the matter and point out another defendant "hold[s] the New Jersey license-plates, title[,] and registration." (*Id.*) Plaintiffs' argument is, therefore, flawed not only because it is conclusory, but also because it relies on a narrower definition of relevancy than is appropriate for discovery purposes. *Worth*, 2005 WL 8178027, at *1. As the Court explained in its earlier opinion in this matter, this "action arises[,] [in part,] from a disputed contract." *Jamal*, 2024 WL 5232926, at *1. Indeed, Plaintiffs have

[11] "[C]ourts have construed Rule 26(b)(1) liberally, creating a broad vista for discovery[,] which may encompass any matter that bears on or reasonably could lead to other matters that could bear on any issue that is or may be in the case . . . ." *Worth v. Comm'r of New Jersey*, Civ. A. No. 04-2822, 2005 WL 8178027, at *1 (D.N.J. July 7, 2005). Moreover, "relevancy is to be broadly construed for discovery purposes and is not limited to the merits of the case or the precise issues set out in the pleadings." *Id.* (citing *Barnes Found v. Township of Lower Marion*, Civ. A. No. 96-372, 1996 WL 653114, at *1 (E.D. Pa. Nov. 1, 1996)).

themselves made the condition of the subject vehicle relevant for purposes of discovery, having alleged that the subject vehicle had mechanical issues due to a manufacturer defect, which supposedly caused Plaintiffs not to complete the paperwork for the sale of said vehicle. (ECF No. 1 at 10–11.) Put another way, Plaintiffs' argument to the contrary at this juncture in the litigation ignores the "broad vista for discovery which may encompass any matter that bears on or reasonably could lead to other matters that could bear on any issue that is or may be in the case." *Worth v. Comm'r of New Jersey*, Civ. A. No. 04-2822, 2005 WL 8178027, at *1 (D.N.J. July 7, 2005).

Therefore, the Court will not disturb Judge Clark's decision to modify the October 1, 2025 Order because Plaintiffs fail to show Judge Clark lacked the authority to do so and also fail to sufficiently show the inspection Judge Clark ordered was somehow unduly burdensome or irrelevant/unnecessary.

#### 4. The Termination of Both (1) Plaintiffs' Letter Regarding Defendants' Failure to Respond to Plaintiffs' Conflict Notices and (2) Plaintiffs' Cross Motion for a Protective Order Was Not Error.

Judge Clark did not terminate Plaintiffs' letter regarding Plaintiffs' Conflict Notices.[12] (ECF No. 66 at 2 (terminating ECF Nos. 60, 61, 62).) With respect to Judge Clark's termination of Plaintiffs' Cross Motion for a Protective Order, the Court finds no error. While Plaintiffs contend such a termination "removed from the record Plaintiffs' substantiated objection to . . . Schaefer's procedural misconduct and misrepresentations . . . in obtaining discovery relief on matters then subject to [a] sanctions motion," Plaintiffs fail to show how the termination of

[12] Docket Entry 60 is Toyota Defendants' motion to compel; Docket Entry 61 is Plaintiffs' opposition to a motion to compel, a cross-motion for a protective order, and a request to hold a motion in abeyance; and Docket Entry 62 is Plaintiffs' Cross Motion for a Protective Order, or more accurately, Plaintiffs' notice of said motion.

Plaintiffs' Cross Motion for a Protective Order is somehow a distortion of the record.[13] Indeed, "administratively terminating a motion . . . is merely a docketing mechanism often used to indicate that a court declines to go forward on a motion until a threshold issue is settled." *In re FirstEnergy Corp. Sec. Litig.*, Civ. A. No. 20-03785, 2024 WL 1155426, at *1 n.1 (S.D. Ohio Mar. 14, 2024) (citing *Santiago v. Fed. Express Freight, Inc.*, Civ. A. No. 14-5081, 2015 WL 6687617, at *3 (D.N.J. Oct. 30, 2015)).

Because Plaintiffs have failed to put forth any reason for the Court to set aside or modify any part of the October 15, 2025 Order, Plaintiffs' objection to that Order is **OVERRULED**.

**B. April 22, 2026 Order**

Plaintiffs object to Judge Clark's Order adopting the proposed "Stipulated Protective Order" filed by Toyota Defendants. (ECF No. 127.) First, Plaintiffs argue no stipulation existed, pointing out they expressly objected to the proposed protective order before the Court ruled on it. (ECF No. 127-1 at 4–5.) Second, Plaintiffs contend Toyota Defendants' subpoena failed to comport with Rule 45. (*Id.* at 5.) Third, Plaintiffs posit their objection to the April 22, 2026 Order is not moot. (*Id.* at 6.)

Toyota Defendants, however, oppose Plaintiffs' objection to the April 22, 2026 Order.[14] (ECF No. 129.) In relevant part, Toyota Defendants argue they "offer[ed] to enter into a Stipulated Protective Order in lieu of continued motion practice" after Plaintiffs filed a motion for a protective order. (ECF No. 129 at 2.) As to Plaintiffs' contention Toyota Defendants' subpoena failed to

[13] Plaintiffs' Cross-Motion for a Protective Order is still readily accessible on the docket. (ECF No. 62.)

[14] Like their opposition to the Plaintiffs' objection to the October 15, 2025 Order (ECF No. 70), Toyota Defendants' opposition to Plaintiffs' objection to the April 22, 2026, are similarly styled as an "Answer" (ECF No. 129).

comport with Rule 45, Toyota Defendants argue "notice of the subject subpoena was provided via [Schaefer's] third party legal support service." (*Id.*) Toyota Defendants also argue Plaintiffs' objection fails to meet the standard for a motion for reconsideration.[15] (ECF No. 129 at 2–3.)

In response, Plaintiffs make the following arguments: (1) a Rule 72(a) objection is not a motion for reconsideration, (2) Toyota Defendants' characterization of the "Stipulated Protective Order" as an offer to enter into same is belied by the language of the "Stipulated Protective Order," which reads as "a completed stipulation presented for judicial endorsement," (3) Toyota Defendants' objection prior to the Judge Clark's adoption of the proposed "Stipulated Protective Order" should have informed the Court that no stipulation existed, and (4) Toyota Defendants' assertions they did in fact provide notice does not cure the April 22, 2026 Order's defects. (ECF No. 130 2–5.)

The Court begins with the mootness issue. *Lovaglio v. Baston*, Civ. A. 23-21803, 2025 WL 2268133, at *13 n.10 (D.N.J. Aug. 8, 2025). The Court agrees—and Toyota Defendants do not contest—that the issue of whether Judge Clark erred in granting Plaintiffs' request for a protective order by adopting the "Stipulated Protective Order" is a live issue. More specifically, the Court is capable of providing "meaningful relief" to address the following alleged wrong: the adoption of a too-narrow protective order based on a supposed misrepresentation by Toyota Defendants. *Old Bridge Owners Coop. Corp. v. Township of Old Bridge*, 246 F.3d 310, 314 (3d Cir. 2001); *see also Int'l Bhd. of Boilermakers, Iron Ship Builders, Blacksmiths Forgers & Helpers v. Kelly*, 815 F.2d 912, 915 (3d Cir.1987) (explaining mootness "is fundamentally a matter of

[15] That said, while Toyota Defendants cite cases opining on the motion for reconsideration standard (which is not applicable here), they also cite to Rule 72(a), which does govern an objection to a magistrate judge's order. (ECF No. 129 at 2–3.)

degree”). Ultimately, however, the Court finds no reason to disturb Judge Clark’s adoption of the “Stipulated Protective Order.”

As Toyota Defendants admit, they subpoenaed Jackson Lewis, PC (“Jackson Lewis”), (ECF No. 129 at 2), which produced records of a “potential[ly] sensitive nature” (ECF No. 110 at 1). Plaintiffs filed various communications addressed to Judge Clark, asserting the subpoena was defective because Toyota Defendants had failed to comply with Rule 45(a)(4)’s notice requirement.[16] (*See* ECF Nos. 47-1 ¶¶ 65–76; *see also* ECF Nos. 108, 109.)

Indeed, the “failure to provide proper notice may result in the court quashing the subpoena, precluding the use of any materials obtained, or imposing monetary or other sanctions on the offending party.” *Rubin v. US Bank Home Mortg.*, Civ. A. No. 22-906, 2025 WL 1766116, at *5 n.4 (D.N.J. June 26, 2025) (footnotes omitted) (quoting 2 Steven S. Gensler, Federal Rules of Civil Procedure, Rules and Commentary § 45:32 (2025)). To address Toyota Defendants’ supposed failure to provide notice, Plaintiffs repeatedly sought a protective order pursuant to Rule 26(c). (ECF No. 47-1 ¶ 76 (“[T]he Plaintiffs request that the Court . . . enter an order for protection against use of any third-party information improperly obtained in this matter . . . .”); ECF No. 108 at 2 (“Plaintiff thereby requests entry of a protective order under [Rule] 26(c) . . . .”); ECF No. 109 at 1 (“Plaintiffs respectfully write to follow up on their April 8, 2026 letter-motion (ECF No. 108) which seeks a protective order . . . .”).) Rule 26(c), however, requires a certification the movants—here, Plaintiffs—have in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. Plaintiffs did not include such a certification in seeking a protective order. (ECF No. 127.) In lieu of that certification, Plaintiffs informed Judge

[16] Toyota Defendants contest this assertion. (ECF No. 129 at 3 (“[N]otice was provided by counsel’s third party litigation support service, The MCS Group, Inc.”).)

Clark "this request is not amenable to [a] meet and confer and requires prompt judicial intervention." (ECF No. 109 at 1.) Because Plaintiffs failed to adhere to Rule 26(c)'s requirements, absent an offer from Toyota Defendants to stipulate to a protective order, Rule 26(c) would have prevented Judge Clark from granting Plaintiffs the protective order they sought. *Canister Co. v. Leahy*, 182 F.2d 510, 514 (3d Cir. 1950) (noting the Rules "are rules of procedure . . . [that] must be adhered to.").

Nonetheless, Judge Clark granted Plaintiffs a protective order (ECF No. 114), which Toyota Defendants proffered (ECF No. 110). After Plaintiffs' repeated requests for a protective order, Toyota Defendants filed a letter addressed to Judge Clark, which includes in relevant part the following language: "[R]egarding Plaintiffs' concerns stemming from the potential sensitive nature of the records produced by Jackson Lewis, I am willing to enter into a Stipulated Protective Order." (*Id.*) In response, without arguing the "Stipulated Protective Order" was somehow a misrepresentation, Plaintiffs merely argue the proposed order would be underinclusive. (ECF No. 111.) Having received Plaintiffs' requests for a protective order, Toyota Defendants' offer to enter into a stipulated protective order, and Plaintiffs' letter taking issue with that offer, Judge Clark issued the protective order as proposed by Toyota Defendants. (ECF No. 114.)

As discussed, an order regarding a discovery issue is considered a non-dispositive matter and is reviewed for abuse of discretion. *See Virginia St. Fidelco*, 2018 WL 1399304, at *2; *see also Altana Pharma AG v. Teva Pharms. USA, Inc.*, Civ. A. No. 04-2355, 2010 WL 451168, at *2 (D.N.J. Feb. 5, 2010) (describing the abuse of discretion standard as "highly deferential"). Whether to issue a protective order is undoubtedly a discovery issue. *Koninklijke Philips Elecs. N. V. v. Hunt Control Sys., Inc.*, Civ. A. No. 11-3684, 2014 WL 5798109, at *2 (D.N.J. Nov. 7, 2014) (holding a motion for a protective order addressing certain discovery issues "is squarely within the

magistrate judge's purview"). Under this "highly deferential" standard, there is no reason for the Court to overrule or modify the April 22, 2026 Order. *Altana Pharma AG*, 2010 WL 451168, at *2.

Given Plaintiffs failed to meet the procedural requirements of Rule 26(c), Judge Clark could have flatly denied Plaintiffs' request for a protective order. Instead, Judge Clark granted Plaintiffs a protective order (though perhaps one more narrow than they would have preferred) based on Toyota Defendants' offer to agree to same. (ECF No. 114.) Here, Plaintiffs "cite[] no case law to demonstrate" Judge Clark's decision to nonetheless provide Plaintiffs with some protection over that which Jackson Lewis provided pursuant to Toyota Defendants' subpoena was clear error, much less an abuse of discretion.[17] *EXP Grp., LLC v. Fres Co., LLC*, Civ. A. No. 23-3180, 2024 WL 1928448, at *2 (D.N.J. Apr. 29, 2024) (holding the movant failed to "satisfy the burden of demonstrating" a magistrate judge's order was "clearly erroneous, contrary to law, or an abuse of discretion," in part, because the movant "cite[d] no case law"). Nor do Plaintiffs cite any law that Judge Clark abused his discretion (or clearly erred) by "so-ordering" a proposed order granting Plaintiffs a protective order, which Plaintiffs were not owed, based on Plaintiffs' failure

[17] To be sure, Plaintiffs reference (but do not actually cite) the Third Circuit's teaching that "[v]erbatim adoption of party submitted orders is 'highly disapproved' [of] because it raises doubt that the court engaged in independent judicial analysis." (ECF No. 127-1 at 3–4); *see also United States v. Leroy*, 787 F. App'x 74, 80 n.28 (3d Cir. 2019). What Plaintiffs leave out from this cherry-picking, however, is the Third Circuit's holding that such an action "'is not *per se* grounds for reversal' so long as the court exercised independent judgment in adopting the argument." *Leroy*, 787 F. App'x at 80 n.28. The Court is satisfied Judge Clark demonstrated independent judgment in adopting Toyota Defendants' proposed protective order. *Id.* (noting the court "did not simply rubber stamp the Government's arguments, as it granted one of Leroy's motions *in limine*"). Indeed, Judge Clark did not merely "rubber stamp" Toyota Defendants' proposed order. *Id.* Instead, reviewing Judge Clark's order for an abuse of discretion, the Court finds Judge Clark adopted the proposed protective order, which gave Plaintiffs a great deal of protection over the material Jackson Lewis provided Toyota Defendants, after balancing (1) Toyota Defendants' offer of a protective order, (2) the fact Plaintiffs failure to satisfy Rule 26(c)'s procedural requirements, and (3) Plaintiffs' understandable desire to protect their sensitive information. (ECF No. 114.)

to comport with Rule 26(c). (*See* ECF No. 127-1; *see also* ECF No. 130.) Accordingly, Plaintiffs' objection to Judge Clark's April 22, 2026 Order is **OVERRULED**.

## IV. CONCLUSION

For the reasons set forth above, and for good cause appearing, Plaintiffs' Objections (ECF Nos. 69, 127) are **OVERRULED**. An appropriate order follows.

Date: August 24, 2026

***/s/ Brian R. Martinotti***
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**